IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DANIEL J. CAUDILL,

        **Plaintiff,**

v.                              CIVIL ACTION NO. 3:25-cv-00149

APOLLO EXPRESS, INC., and
JEFFREY LAMKIN,

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Apollo Express, Inc., and Jeffrey Lamkin's Motion for Summary Judgment. (ECF No. 36). Plaintiff filed a response in opposition (ECF No. 40), and Defendants filed a reply, (ECF No. 41). Also pending is Plaintiff's Motion for Extension of Time to Respond to the Motion for Summary Judgment. (ECF No. 39). For the reasons set forth below, Defendants' Motion for Summary Judgment is **GRANTED, in part,** and **DENIED, in part**, and Plaintiff's Motion for Extension of Time is **DENIED** as moot.

**I.    FACTUAL AND PROCEDURAL HISTORY**

This action arises from a motor vehicle collision that occurred in Wayne County, West Virginia. Plaintiff Daniel J. Caudill filed suit in the Circuit Court of Wayne County, asserting claims of negligence and negligent entrustment against Defendants Apollo

1

Express, Inc., and its driver, Jeffrey Lamkin.[1] Defendants removed the case to this Court based on diversity jurisdiction. (ECF No. 1).

On the date of the accident, Plaintiff was operating his vehicle on Interstate 64, a multi-lane highway, when Defendant Lamkin, driving a tractor-trailer owned by Defendant Apollo Express, initiated a lane change or passing maneuver involving Plaintiff's vehicle. (ECF No. 38). A dash-cam video from Defendant Lamkin's tractor-trailer captured the events immediately preceding the collision and is part of the summary judgment record. (*Id.*).

The dash-cam video reflects that Plaintiff applied his brakes shortly before Defendant Lamkin initiated the maneuver. (*Id.*). Plaintiff contends that he braked in response to a substance visible on the roadway ahead of his vehicle. (ECF No. 40). Plaintiff further contends that Defendant Lamkin failed to complete the maneuver safely before returning to the lane of travel and that Lamkin's trailer struck Plaintiff's vehicle. (*Id.*). Defendants dispute this characterization and argue that Plaintiff's braking contributed to or caused the collision. (ECF Nos. 36, 37).

With respect to Defendant Lamkin's qualifications and training, Plaintiff asserts that Apollo Express cannot produce training documentation showing that Lamkin was properly trained before operating the tractor-trailer. (ECF No. 40 at 11). Defendants respond that Apollo Express is not in possession of training documentation for Lamkin, but that Apollo Express has new hires drive with a driver lead for two days. (ECF No. 41

---

[1] Plaintiff also asserted claims against State Farm Insurance Company and Northland Insurance Company, which are not discussed herein because those claims were resolved and dismissed by agreed orders prior to the filing of the pending Motion for Summary Judgment.

at 5). Defendants also submitted an accident log, which they contend reflects that Lamkin had no prior accidents while operating a vehicle for Apollo Express. (ECF No. 37 at 7).

Following discovery, Defendants moved for summary judgment. (ECF No. 36). While the motion was pending, a Suggestion of Death was filed as to Defendant Lamkin. (ECF No. 32). No motion for substitution has yet been filed. By separate Order, the parties were instructed to advise the Court regarding that issue on or before February 9, 2026. (ECF No. 42). The filing of a Suggestion of Death does not automatically stay proceedings, and the Court proceeds to address the pending motion. The matter has been fully briefed and is ripe for disposition.

## II.    STANDARD OF REVIEW

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248. The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact, after which the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The Court does not weigh the evidence or make credibility determinations at the summary judgment stage, as those functions are reserved for the jury. *Anderson*, 477 U.S. at 255.

## III. DISCUSSION

Defendants seek summary judgment on Plaintiff's claims of negligent entrustment and negligence. (ECF No. 36). The Court addresses each claim in turn, applying the summary judgment standard set forth above and viewing the evidence in the light most favorable to Plaintiff as the nonmoving party. This action is before the Court on diversity jurisdiction and arises from an accident occurring in West Virginia; accordingly, West Virginia substantive law applies.

### A. *Negligent Entrustment*

Under West Virginia law, a claim for negligent entrustment requires proof that the owner of a vehicle knew or reasonably should have known that the driver was incompetent, reckless, or otherwise unfit to operate the vehicle. *Payne v. Kinder*, 147 W. Va. 352, 127 S.E.2d 726 (1962). The focus of the inquiry is the owner's knowledge, actual or constructive, of the driver's alleged unfitness when the vehicle was entrusted.

Here, Plaintiff has produced no evidence that Apollo Express knew or should have known that Lamkin was an unsafe or incompetent driver. As noted, the undisputed record reflects that Lamkin had a clean driving record and completed Apollo Express's required training, including a two-day ride-along program, before being permitted to operate the vehicle independently. (ECF No. 41). Plaintiff has identified no prior accidents, citations, complaints, or other indicia of incompetence that would have placed Apollo Express on notice of any alleged unfitness. (ECF No. 40).

Plaintiff's reliance on the circumstances of the accident itself is insufficient to establish negligent entrustment, as liability cannot be premised solely on the driver's alleged negligence in the underlying incident. *Payne*, 147 W. Va. at 352, 127 S.E.2d at 726. Absent evidence that Apollo Express knew or reasonably should have known of Lamkin's

alleged unfitness before entrusting him with the vehicle, no reasonable jury could find in Plaintiff's favor on this claim.

Accordingly, Defendants are entitled to summary judgment on Plaintiff's negligent entrustment claim.

### B. Negligence

Defendants also seek summary judgment on Plaintiff's negligence claim. Under West Virginia law, a negligence claim requires proof of a duty, a breach of that duty, causation, and damages. *Aikens v. Debow,* 208 W. Va. 486, 491, 541 S.E.2d 576, 581 (2000). Whether a defendant acted negligently is generally a question for the jury when the evidence permits differing reasonable inferences. *Hatten v. Mason Realty Co.,* 201 W. Va. 97, 100, 493 S.E.2d 222, 225 (1997). Here, the summary judgment record reflects genuine disputes of material fact regarding the circumstances of the lane change or passing maneuver and the cause of the collision. The dash-cam video shows that Plaintiff applied his brakes shortly before Defendant Lamkin initiated the maneuver. (ECF No. 38). There is some indication in the record that Plaintiff braked in response to a patch or irregularity in the roadway. (ECF No. 40). Plaintiff contends that Defendant Lamkin failed to complete the pass safely before returning to the lane of travel and that Lamkin's trailer struck Plaintiff's vehicle. (*Id.*). Defendants dispute this account and argue that Plaintiff's braking contributed to or caused the collision. (ECF Nos. 36, 37).

Viewing the evidence in the light most favorable to Plaintiff, a reasonable jury could conclude that Defendant Lamkin initiated or completed the passing maneuver in a manner that was unsafe under the circumstances. If the jury were to determine that Lamkin returned to the lane of travel before he was clear of Plaintiff's vehicle, such conduct could constitute a violation of West Virginia Code § 17C-7-9 (requiring a driver

overtaking another vehicle to pass at a safe distance and not return to the lane until safely clear) and support a finding of negligence. Whether Lamkin completed the pass safely, whether Plaintiff's braking contributed to the collision, and how fault should be apportioned are factual questions not appropriately resolved at the summary judgment stage.

Although Defendants argue that Plaintiff's conduct was the sole proximate cause of the accident, West Virginia's comparative fault framework permits recovery even where a plaintiff's negligence contributed to the injury. *Bradley v. Appalachian Power Co.*, 163 W. Va. 332, 256 S.E.2d 879 (1979). Resolution of comparative fault necessarily involves credibility determinations and the weighing of competing evidence, which are matters reserved for the jury. *Anderson*, 477 U.S. at 255. Additionally, while Defendants raise evidentiary concerns regarding Plaintiff's statements to law enforcement, evidence need only be capable of presentation in admissible form at trial to be considered at the summary judgment stage. *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 538–39 (4th Cir. 2015). The Court therefore does not resolve such evidentiary disputes at this stage, as they may be addressed through motions *in limine* or at trial. *Anderson*, 477 U.S. at 255.

Accordingly, because genuine disputes of material fact remain as to Defendant Lamkin's alleged negligence and causation, summary judgment on Plaintiff's negligence claim is not appropriate.

## IV. <u>CONCLUSION</u>

Plaintiff's Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment, (ECF No. 39), is **DENIED AS MOOT**. Defendants' Motion for Summary Judgment, (ECF No. 36), is **GRANTED, in part,** as to Plaintiff's negligent

entrustment claim against Defendant Apollo Express, Inc., and **DENIED, in part,** as to Plaintiff's negligence claim. In addition, Plaintiff's negligence claim against Defendant Apollo Express, Inc., to the extent it is asserted under a theory of *respondeat superior* based on the alleged negligence of Defendant Lamkin remains pending.

    The Clerk is directed to transmit copies of this Order to counsel of record and any unrepresented parties.

    **ENTERED:** February 6, 2026

Joseph K. Reeder
United States Magistrate Judge