IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DANIEL J. CAUDILL,

   **Plaintiff,**

v.             CIVIL ACTION NO.  3:25-cv-00149

APOLLO EXPRESS, INC.,

   **Defendant.**

## ORDER

Pending before the Court is Defendant's Motion for Judgment on the Pleadings. (ECF No. 46). Plaintiff responded in opposition to the motion, (ECF No. 63), to which Defendant filed a reply, (ECF No. 65). Thus, the motion is ripe for disposition. For the following reasons, the Court **DENIES** the motion.

## I. Facts and Procedural Background

This civil action arises from a motor vehicle collision that occurred on Interstate 64 in Wayne County, West Virginia, involving Plaintiff's vehicle and a commercial truck owned by Defendant Apollo Express, Inc. ("Apollo Express"), and operated by Jeffrey Lamkin ("Lamkin"). (ECF No. 1-1). Plaintiff alleges that Lamkin negligently operated the truck and that the collision caused him injuries. (*Id*.). He originally filed this action in the Circuit Court of Wayne County, West Virginia. Defendants subsequently removed the matter to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 1).

1

The complaint asserted claims against Apollo Express and Lamkin. During the course of the litigation, a Suggestion of Death was filed as to Lamkin. (ECF No. 32). After no motion for substitution identifying a proper successor or personal representative was filed within the period provided by Federal Rule of Civil Procedure 25(a), the Court dismissed Lamkin from the action. (ECF No. 55). The case now proceeds solely against Apollo Express. Discovery has concluded, and the matter is scheduled for a jury trial on June 9, 2026.

## II.    **Relevant Law**

Defendant moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (ECF No. 46). Rule 12(c) permits a party to move for judgment "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is evaluated under the same standard that governs a motion to dismiss under Rule 12(b)(6). *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002).

In evaluating such a motion, the Court accepts the factual allegations in the complaint as true and draws all reasonable inferences in favor of the nonmoving party. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). To survive the motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Judgment on the pleadings is appropriate only when no material issue of fact remains to be resolved and the moving party is entitled to judgment as a matter of law. *Burbach*, 278 F.3d at 405–06.

### III.    Discussion

Defendant argues that judgment on the pleadings is warranted because no claims remain in this action and the matter is thus moot, depriving the Court of jurisdiction. (ECF No. 47). According to Defendant, Plaintiff alleged only two claims: (1) negligent entrustment against Apollo Express and (2) negligence against Lamkin. (*Id*. at 4). Defendant notes that the negligent entrustment claim against Apollo Express was resolved earlier in the litigation and that Lamkin was dismissed. Defendant maintains that no claim remains against Apollo Express because Plaintiff did not allege liability under a *respondeat superior* theory. The Court disagrees with this contention.

Defendant's argument assumes that Plaintiff was required to expressly plead a *respondeat superior* theory in order to maintain a claim against Apollo Express. In particular, Defendant emphasizes that Plaintiff did not plead that Apollo Express employed Lamkin, identify Lamkin as an employee or agent of Apollo Express, or allege that Lamkin was acting within the scope of employment at the time of the collision. However, federal pleading rules do not require plaintiffs to employ particular legal labels or terminology so long as the factual allegations plausibly support the theory of liability. Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

The Supreme Court has explained that a complaint need not "pin plaintiff's claim for relief to a precise legal theory." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). The plausibility inquiry instead focuses on whether the factual allegations permit a reasonable inference of liability. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Consistent with that principle, dismissal is not warranted merely because a complaint does not expressly identify the legal theory supporting the claim

3

where the factual allegations plausibly support relief. *Johnson v. City of Shelby*, 574 U.S. 10, 11–12 (2014) (*per curiam*).

Therefore, the question at the pleading stage is whether the factual allegations, accepted as true, plausibly give rise to an entitlement to relief. Under West Virginia law, an employer may be held liable for the negligent acts of its employee committed within the scope of employment. *Courtless v. Jolliffe*, 507 S.E.2d 136, 142 (W. Va. 1998). *Respondeat superior* is not a separate cause of action but a theory of vicarious liability through which an employer may be held responsible for the negligence of its employee. *See, e.g., Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). West Virginia courts have recognized that evidence showing a driver was operating a commercial vehicle owned by a corporate entity may support an inference that the driver was acting within the scope of employment. *Musgrove v. Hickory Inn, Inc.*, 281 S.E.2d 499, 501–02 (W. Va. 1981); *Sanders v. Georgia-Pac. Corp.*, 225 S.E.2d 218, 220 (W. Va. 1976).

Plaintiff alleges that Lamkin was operating a "commercial truck" owned by a corporate defendant at the time of the collision. (ECF No. 1-1 at 3). His allegations plausibly support the theory of *respondeat superior*. These principles apply with equal force where a plaintiff's factual allegations plausibly support vicarious liability under state law, even if the complaint does not expressly invoke the doctrine of *respondeat superior*. Accepting the complaint's factual allegations as true, those allegations support a claim that Apollo Express may be liable for Lamkin's alleged negligence.

Defendant's motion seeks dismissal not because the complaint fails to allege facts supporting liability, but because the complaint did not expressly label the claim against Apollo Express as one for *respondeat superior*. Federal pleading standards do not impose such a requirement. Where the factual allegations support a viable theory of liability, the

4

absence of a specific legal label does not warrant dismissal. *Skinner*, 562 U.S. at 530; *Johnson*, 574 U.S. at 11–12. The absence of specific terminology such as "employer," "employee," or "scope of employment" in the complaint does not alter this conclusion, as federal pleading rules do not require plaintiffs to employ particular legal terms where the factual allegations plausibly support the theory of liability.

The authorities cited by Defendant do not compel a different result. Those decisions address circumstances in which a party attempted to recover on a wholly new and unpleaded cause of action, whereas Plaintiff in this case asserts a single negligence claim and the question concerns only the theory under which Apollo Express may be held liable for that alleged negligence.

In any event, even if the complaint was deemed insufficient to expressly plead *respondeat superior*, dismissal would not be warranted. Federal Rule of Civil Procedure 15 provides that leave to amend should be freely granted when justice so requires. Where the factual allegations provide notice of the underlying conduct and the asserted deficiency concerns only the articulation of the legal theory supporting liability, amendment rather than dismissal is the appropriate remedy. *See Johnson*, 574 U.S. at 11–12; *Ostrzenski v. Seigel*, 177 F.3d 245, 252–53 (4th Cir. 1999) (explaining that leave to amend should ordinarily be granted where a complaint's deficiencies may be cured by amendment). Nothing in the record suggests that allowing such an amendment would prejudice Defendant.

At this stage of the proceedings, the Court's task is not to determine whether Plaintiff will ultimately prevail, but only whether Plaintiff's factual allegations plausibly support such a claim when the pleadings are construed in the light most favorable to Plaintiff. Applying that standard, the pleadings plausibly support a claim that Apollo

Express may be held vicariously liable for the alleged negligence of the driver operating its vehicle. Accordingly, judgment on the pleadings is unwarranted.

For those reasons, Defendant's Motion for Judgment on the Pleadings, (ECF No. 46), is **DENIED**.

**ENTERED:** April 14, 2026

Joseph K. Reeder
United States Magistrate Judge